IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM G. ALLEN ) | |
| ) | |
| v. ) | No. 3:12-00242 |
| ) | JUDGE CAMPBELL |
| RONALD COLSON, WARDEN ) | |

MEMORANDUM

I. Introduction

Pending before the Court are Petitioner's Motion For Partial Summary Judgment (Docket No. 30), and the Respondent's Cross Motion For Partial Summary Judgment (Docket No. 47).

For the reasons set forth herein, Petitioner's Motion For Partial Summary Judgment (Docket No. 30) is DENIED, and the Respondent's Cross Motion For Partial Summary Judgment (Docket No. 47) is GRANTED as set forth herein.

Because the Petitioner's grand jury discrimination claim was previously denied on the merits, the Petitioner's habeas application is "second or successive." Accordingly, the Court intends to transfer the Second Amended Petition (Docket No. 53) to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631, in accordance with In re Sims, 111 F.3d 45 (6th Cir. 1997), unless the Petitioner files an amended petition, on or before July 1, 2013, that omits the grand jury discrimination claim.

II. Procedural Background

In March, 1968, the Petitioner was indicted for the murders of two Davidson County police officers, Charles Wayne Thomasson and Thomas E. Johnson. Allen v. State, 2011 WL 1601587, at *1 (Tenn. Crim. App. April 26, 2011). The two murder counts were tried separately.

Id. In December, 1968, the Petitioner was tried and convicted of the first degree murder of Officer Thomasson, and received a sentence of 99 years. Id. Prior to trial, Petitioner's trial counsel filed a "plea in abatement" seeking dismissal of the indictment based on a challenge, on equal protection and due process grounds, to the method used to select the grand jurors who indicted him. Id., at *2. Specifically, the Petitioner argued that the method used to select grand jurors resulted in a grand jury consisting of a lower percentage of blacks than were represented in the population of Davidson County. Id. The parties stipulated to certain demographic information regarding the grand jurors and the population of Davidson County. Id. The trial court denied the plea in abatement. Id.

The Petitioner raised the claim on appeal, but it was rejected and the conviction affirmed by the Tennessee Court of Criminal Appeals. Canady v. State, 3 Tenn. Crim. App. 337, 461 S.W.2d 53, 64 (Tenn. Crim. App. 1970). The Tennessee Supreme Court and the United States Supreme Court denied certiorari. Allen v. State, supra, at *2.

The Petitioner filed a petition for habeas corpus in federal district court, which was dismissed on November 24, 1971 for failure to present the grand jury discrimination claim to the state courts. Id. (Docket No. 41-23, at 18-23).

In December, 1971, the Petitioner filed a post-conviction petition in state court in which he raised the grand jury discrimination claim. (Docket No. 42-9, at 33). The court rejected the claim after holding a hearing which included testimony by Davidson County judges relating to the grand jury selection process. Allen v. State, supra, at *2; (Docket No. 42-9, at 32-47). On February 1, 1973, the Tennessee Court of Criminal Appeals affirmed the post-conviction court's decision. Id. The Tennessee Supreme denied certiorari on June 4, 1973. (Docket No. 41-26, at

4).

Subsequently, in 1973, the Petitioner filed a second petition for writ of habeas corpus in federal district court. (Docket No. 41-26, at 2-6). On September 24, 1973, the court engaged in an "independent examination" of the state court record and determined that although the grand juror selection method "did produce a statistical imbalance, in that the number of black grand jurors were substantially less than the percentage of the black population in Davidson County, the petitioner failed to establish that such statistical imbalance resulted from purposeful discrimination in the selection of the Grand Jury which indicted this petitioner." (Docket No. 41-26, at 12). On appeal, the Sixth Circuit affirmed in an opinion issued on April 30, 1974, concluding that "the finding of the district court that there was no purposeful discrimination in the selection of the grand jury which indicted petitioner is supported by substantial evidence and is, therefore, not clearly erroneous." (Docket No. 41-30, at 4-5).

The Petitioner escaped state custody in 1974 and remained at large until he was recaptured in 1986. Allen v. State, supra, at *3.[1]

On July 22, 1989, the Petitioner filed his second state post-conviction petition, which was later amended to include the grand jury discrimination claim. Allen v. State, supra, at *3; (Docket Nos. 42-1, at 4; 42-11, at 72). By Order entered February 21, 1990, the state trial court dismissed the second petition without a hearing, finding that the Petitioner's claims had been

---

[1] In 1986, a Davidson County grand jury issued a superseding indictment charging the Petitioner with Officer Johnson's murder. Allen v. State, supra, at *3, n. 2. In 1989, the Petitioner was tried and convicted of first degree murder and sentenced to 78 years of imprisonment to be served consecutively to the 99-year sentence he received for Officer Thomasson's murder. Id. The 78-year sentence was subsequently converted to a life sentence. Id.

"previously determined" or "waived" under the applicable state statute governing post-conviction proceedings. Allen v. State, supra, at *3; (Docket No. 42-1, at 15-16). The Tennessee Court of Criminal Appeals affirmed the dismissal. Allen v. State of Tennessee, 1991 WL 181059 (Tenn. Crim. App. September 17, 1991); (Docket No. 42-4, at 2). On June 1, 1993, the Tennessee Supreme Court reversed the dismissal, holding that the State should have been required to file a response and the record of prior hearings, and that the court should have appointed counsel and allowed Petitioner to amend his petition. Allen v. State, 854 S.W.2d 873 (Tenn. 1993); (Docket No. 42-8, at 2).

While the Petitioner's second post-conviction petition was pending in the state appeals courts, the Sixth Circuit Court of Appeals issued its decision in Jefferson v. Morgan, 962 F.2d 1185, 1192 (6th Cir. 1992). The Sixth Circuit held in Jefferson that the petitioner in that case had established a prima facie case of race discrimination in the selection of the grand jury that indicted him, and that the State had not rebutted the prima facie case. The court ordered the State to re-indict the petitioner within 90 days or release him from custody. Id., at 1192.

In February, 1994, on remand of his second post-conviction petition, the Petitioner in this case re-filed his petition, and subsequently, filed three amendments to the petition. (Docket No. 42-11, at 89, 165, 180, 209). The court held a "waiver" hearing on May 15, 1995, during which an issue arose regarding a possible conflict of interest on the part of Petitioner's counsel. (Docket No. 42-12, at 2-66). The post-conviction court subsequently appointed new counsel for the Petitioner, and the case was removed from the active docket subject to reactivation by Petitioner's new counsel. Allen v. State, 2011 WL 1601587, at *3.

In November, 2001, through yet another attorney, the Petitioner filed a consolidated

4

petition for post-conviction relief, which included the grand jury discrimination claim. Id., at *4; (Docket No. 42-9, at 4).

By an Agreed Order entered on March 29, 2007 (Docket No. 42-10, at 99) in that case, the parties agreed that "[t]he facts in Jefferson [v. Morgan, supra] relating to jury composition in Davidson County are . . . established for purposes of this case" and that "the Grand Jury which indicted James Thomas Jefferson also returned the indictment against William G. Allen, Petitioner." (Docket No. 42-10, at 99). On April 3, 2007, the court granted the Petitioner's motion to modify his sentence to one of life imprisonment, which the State conceded was appropriate, and entered an Amended Judgment reflecting the change. (Docket Nos. 42-9, at 48, 50).

On November 20, 2007, the court held a hearing during which Petitioner's trial counsel testified. (Docket No. 42-13). On April 30, 2008, the court held another hearing, during which a witness from the original trial testified, and the parties addressed the merits of the grand jury discrimination claim. (Docket No. 42-14).

On September 28, 2009, the court entered an order denying relief on Petitioner's claims with little discussion of the evidence presented by the Petitioner. (Docket No. 42-9, at 67-74). The Tennessee Court of Criminal Appeals affirmed the lower court's judgment, on April 26, 2011, holding that the grand jury discrimination claim was barred by the applicable state post-conviction statute because it had been "previously determined" by the state courts. The court pointed out that the Petitioner had received a full and fair hearing on his grand jury discrimination claim twice – at the plea in abatement proceedings and at the hearing on his first post-conviction petition. Allen v. State, 2011 WL 1601587, at *5-9; (Docket No. 42-19). The

court rejected the Petitioner's argument that the stipulated facts of Jefferson v. Morgan warranted an exception to the bar on reconsideration of "previously determined" issues. Id. On August 25, 2011, the Tennessee Supreme Court denied Petitioner's application for permission to appeal. Id.

Petitioner filed his initial Petition for writ of habeas corpus in this case on March 5, 2012 (Docket No. 1) and it was assigned to the undersigned judge, forty-four years after the events in question. The Petitioner subsequently filed amendments to the Petition (Docket Nos. 24, 53). In his Second Amended Petition (Docket No. 53), the Petitioner raises one claim challenging his life sentence, and four claims challenging his conviction, including the grand jury discrimination claim. Id.

### III. Analysis

The Petitioner requests that the Court grant him summary judgment on the grand jury discrimination claim. The Respondent requests that the Court transfer this case to the Sixth Circuit Court of Appeals as a "second or successive" habeas petition. Alternatively, the Respondent requests summary judgment denying the grand jury discrimination claim.

The threshold issue the Court must decide is whether the Petitioner's habeas application is "second or successive" under 28 U.S.C. § 2244(b). If the application is "second or successive," the Petitioner must obtain authorization from the Sixth Circuit before filing it in the district court. 28 U.S.C. § 2244(b)(3)(A); Magwood v. Patterson, ___ U.S. ___, 130 S.Ct. 2788, 2796, 177 L.Ed.2d 592 (2010). Although it is clear that the Petitioner has previously filed a habeas petition in federal district court, in 1973, the Supreme Court has made clear that not all second-in-time habeas applications are considered "second or successive" under the statute. Id.

The Court has recognized exceptions for second applications raising claims that would have been unripe in an earlier petition, or for those filed after the petitioner concludes a direct appeal that was ordered in response to an earlier petition. Storey v. Vasbinder, 657 F.3d 372, 376-77 (6th Cir. 2011).

The Petitioner argues that the pending habeas application is not "second or successive" because he is challenging a "new judgment" – the Amended Judgment entered by the state court on April 3, 2007 modifying his sentence from 99 years to life. The Petitioner argues that the Supreme Court's decision in Magwood v. Patterson, supra, supports his position.

In Magwood, the petitioner, who was sentenced to death in an Alabama state court, challenged both his conviction and sentence through a habeas application filed in federal district court. 130 S.Ct. at 2791. The district court conditionally granted the writ as to the sentence. Id. The state trial court subsequently conducted a new sentencing hearing and again sentenced the petitioner to death. Id. The petitioner then filed another habeas application in federal district court challenging the new death sentence. Id. The district court again conditionally granted the writ, but the Eleventh Circuit reversed, holding that the petitioner's challenge to the new death sentence was a "second or successive" petition because the petitioner could have raised the same challenge to his original death sentence. Id., at 2791-92. The Supreme Court reversed, holding that "[b]ecause Magwood's habeas application challenges a new judgment for the first time, it is not 'second or successive' under § 2244(b)." Id., at 2792 (footnote omitted).

In reaching its decision, the Court's language seems to suggest a straightforward rule – when a "new judgment" has been entered, a habeas application challenging that judgment is not "second or successive" regardless of whether it contains a claim that could have been raised in

7

the prior habeas application. Thus, the Petitioner here argues that once the state trial court entered the Amended Judgment changing his sentence, his subsequent habeas application cannot be considered "second or successive" even if it contains claims that challenge his original conviction, which could have been raised, or were raised, in the prior habeas application.

The last paragraph of the Magwood opinion, however, leaves open an issue that casts doubt on the Petitioner's suggested application of the Court's holding:

> The State objects that our reading of § 2244(b) would allow a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, *new* sentence, but also his original, *undisturbed* conviction. The State believes this result follows because a sentence and conviction form a single 'judgment' for purposes of habeas review. This case gives us no occasion to address that question, because Magwood has not attempted to challenge his underlying conviction. We base our conclusion on the text, and that text is not altered by consequences the State speculates will follow in another case.

130 S.Ct. at 2802-03 (footnotes omitted). The Court pointed out in a footnote that "[s]everal Courts of Appeals have held that a petitioner who succeeds on a first habeas application and is resentenced may challenge only the 'portion of a judgment that arose as a result of a previous successful action.'" Id., at 2802 n.16.

This language suggests that the Magwood holding does not purport to apply to the Petitioner's habeas application, which raises four claims challenging the undisturbed conviction, but only one claim challenging the sentence imposed in the Amended Judgment.

The Courts of Appeals have reached differing conclusions about how Magwood applies to the issue it expressly left open. In Suggs v. United States, 705 F.3d 279, 281 (7th Cir. 2013), the petitioner filed a habeas application challenging his conviction and sentence on several

grounds.[2] The petitioner succeeded on one of those grounds, and the court imposed a new, reduced sentence. Id. The petitioner then filed a second habeas application raising a claim challenging his conviction. Id. The Seventh Circuit held that the habeas application was a "second or successive" application. Id. In reaching its decision, the court explained that Magwood expressly left open the question it faced, and under its own circuit precedent, the application was "second or successive." Id., at 284-85. The court recognized disagreement with its approach by the Second and Ninth Circuits, but noted that the approach taken by those courts resulted in more relaxed limits on successive claims than existed prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Id.

In the Second Circuit decision referenced in Suggs, the petitioner filed a habeas application challenging his convictions for bank robbery, armed bank robbery, and using a firearm in furtherance of a crime of violence. Johnson v. United States, 623 F.3d 41, 42-43 (2nd Cir. 2010). The petitioner was successful in challenging the separate convictions for bank robbery and armed bank robbery on double jeopardy grounds, and the district court modified the judgment of conviction by vacating the conviction and sentence for bank robbery. Id. In a subsequent habeas application, the petitioner raised a challenge to the amended judgment, as well as claims that the indictment against him was defective and that he received the ineffective assistance of counsel at various stages of his case. Id. Noting that the Magwood Court expressly declined to address whether a subsequent application challenging a new sentence as well as an

---

[2] Although Suggs involved a habeas application brought by a federal prisoner under 28 U.S.C. § 2255, the courts have not distinguished those habeas applications from those brought by state prisoners under 28 U.S.C. § 2254 in construing the meaning of "second or successive." See, e.g., Suggs, 705 F.3d at 283 n.1.

9

undisturbed conviction was "second or successive," the court nonetheless held that the language used by the Court dictated the result:

> Under Magwood, however, where 'there is a new judgment intervening between the two habeas petitions, ... an application challenging the resulting new judgment is not "second or successive" at all.' Id. (internal quotation marks omitted). And the Supreme Court has previously stated that '[a] judgment of conviction includes both the adjudication of guilt and the sentence.' Deal v. United States, 508 U.S. 129, 132, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993). It follows that, where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both.

Id., at 45-46.

In the Ninth Circuit case referenced in Suggs, Wentzell v. Neven, 674 F.3d 1124 (9th Cir. 2012), the petitioner's first habeas application was dismissed as barred by AEDPA's one-year statute of limitations. The petitioner subsequently filed a post-conviction petition in state court, which determined that petitioner's conviction and sentence on one of three counts should be dismissed, and entered an amended judgment reflecting that decision. Id., at 1125. Relying on Magwood and Johnson, the Ninth Circuit held that the petitioner's subsequent habeas application was not "second or successive" because it was the first petition challenging the amended judgment of conviction. Id., at 1126-27.

Although the Sixth Circuit has not addressed the specific question at issue here, it did cite Magwood in a case involving the issue of whether a habeas application filed after a direct appeal had been ordered was a "second or successive" application. In Storey v. Vasbinder, 657 F.3d 372, 376 (6th Cir. 2011), the petitioner filed his first habeas application raising eight claims, and the district court granted relief on one of the claims – that petitioner's appellate counsel had been ineffective by failing to argue that trial counsel was ineffective. The court ordered that the

10

petitioner be granted a new direct appeal, and declined to consider petitioner's other claims. Id. After denial of his appeal claims by the state courts, the petitioner filed another habeas application five years after the first was filed. Id. The petition included claims that had been in his earlier petition, as well as new claims. Id. The district court ultimately denied all petitioner's claims. Id.

In considering the threshold issue of whether the most recent habeas application was "second or successive," the Sixth Circuit cited Magwood as holding that "an application challenging an earlier criminal judgment did not count for purposes of determining whether a later application challenging a new judgment in the same case was second or successive." Id., at 377. In discussing the majority rule – that a petition filed after a new direct appeal has been ordered is not "second or successive" – the court stated: "One important limitation on this rule, however, is that the petitioner cannot 'resurrect' claims that the district court 'denied on the merits' in his first petition." Id. The court cited the Fourth Circuit decision in In re: Williams, 444 F.3d 233 (4th Cir. 2006) as recognizing this limitation.

In Williams, the court held that a second-in-time habeas application filed after a new direct appeal has been ordered will be treated as "second or successive" if the petitioner includes claims that the district court denied *on the merits* in the first habeas application: "circuit precedent and common sense dictate that a habeas petitioner cannot be allowed to resurrect claims previously denied on the merits simply because the district court has granted relief on an appeal claim." Id., at 236. The court held that the habeas application would not be treated as "second or successive" if the petitioner omitted the repetitive claims, and gave the petitioner an opportunity to delete those claims. Id., at 237.

11

In this case, the Petitioner has filed a habeas application that contains a claim that was raised in a previous habeas application and denied *on the merits* by the federal district court (and raised and denied on appeal by the Sixth Circuit). In the opinion of the Court, neither <u>Magwood</u> nor the Courts of Appeals decisions applying <u>Magwood</u> have addressed this situation. In the Court's view, the decision in <u>Williams</u>, cited by the Sixth Circuit in <u>Storey</u>, is more applicable to the situation presented here. Because the Petitioner's grand jury discrimination claim was previously denied *on the merits* by the federal district court, the Petitioner's habeas application is "second or successive." Accordingly, the Court intends to transfer the Second Amended Petition (Docket No. 53) to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631, in accordance with <u>In re Sims</u>, 111 F.3d 45 (6th Cir. 1997), unless the Petitioner files an amended petition, on or before July 1, 2013, that omits the grand jury discrimination claim.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE