IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM G. ALLEN ) | |
| ) | |
| v. ) | No. 3:12-00242 |
| ) | JUDGE CAMPBELL |
| RONALD COLSON, WARDEN ) | |

ORDER

Pending before the Court is Petitioner's Motion For Interlocutory Appeal Certification (Docket No. 59), and the Respondent's Response In Opposition (Docket No. 61). Through the Motion, the Petitioner requests that the Court certify for interlocutory appeal its ruling (Docket Nos. 55, 58) that Petitioner's grand jury discrimination claim is second or successive, and that Petitioner's habeas application will be transferred to the Sixth Circuit unless the Petitioner files an amended petition omitting that claim. In support of his motion for certification, the Petitioner cites 28 U.S.C. § 1292(b), which provides as follows:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The Respondent argues that the Court's order is not appealable.

The Sixth Circuit has held that transfer orders of second or successive motions to vacate are not appealable. See, e.g., Howard v. United States, 533 F.3d 472, 474 (6th Cir. 2008). The

appeals court considers in the transferred case whether the transfer was necessary or appropriate. Id. In addition, the Sixth Circuit has held that the transfer order is not appealable as an interlocutory order, and is not an immediately appealable "collateral order." Jessie Rivera v. United States, No. 13-5725, slip op. at 2 (6th Cir. July 3, 2013)(citing Murphy v. Reid, 332 F.3d 82, 83 (2nd Cir. 2003)). Accordingly, the Petitioner's request for certification for interlocutory appeal is DENIED.

Alternatively, the Petitioner requests an additional 30 days in which to determine whether to file an amended petition omitting the grand jury discrimination claim. That request is GRANTED. Accordingly, the Court will transfer this case to the Sixth Circuit Court of Appeals as a second or successive petition unless the Petitioner files an amended petition omitting the grand jury discrimination claim on or before August 19, 2013.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

2

Case 3:12-cv-00242   Document 62   Filed 07/19/13   Page 2 of 2 PageID #: 4620